**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:  9:21:-cv-80740-DMM-WM**

CELSIUS HOLDINGS, Inc.,

        Plaintiff,

v.

A SHOC BEVERAGE, LLC AND KEURIG
DR PEPPER, INC.,

        Defendants.

_____

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AND FEES**

**INTRODUCTION**

Celsius's Response demonstrates in stark terms precisely why it should be sanctioned for its conduct in this case.  Even at this late date, Celsius does not attempt to demonstrate any factual or legal support for the frivolous and unsupported claims that it asserted here, in a transparent attempt to force a smaller upstart from the market and stifle competition.  Celsius points to no prelitigation diligence that it conducted on any of its claims.  Celsius also provides no basis to conclude that it had a protectable trade dress to assert and does not make any real attempt to justify its claims that A SHOC's marketing was in any way "false."  Celsius does not dispute that, just weeks from the end of the discovery period, it had produced *no documents* and *refused to respond to almost all* of the written discovery.  And there is no question that Celsius failed to comply with its expert disclosure requirements.  Its bad faith conduct forced A SHOC to file multiple discovery motions, unnecessarily and vexatiously multiplying litigation and driving up A SHOC's attorney's fees.  It is now apparent that Celsius never intended to actually litigate this case or prove the merit of its allegations.  To the contrary, it did everything conceivable to avoid doing what any plaintiff is required to do to prove its claims.  Celsius dismissed its case *only* when it became apparent that it would have to answer to this Court for its conduct.  Inexplicably, Celsius even concedes in its opposition that "[t]his case was never about the merits."  Opp. at 3.  Sanctions are designed specifically for cases like this, both to punish abusive lawyers and parties, and to discourage parties from pursuing unsupported lawsuits that they do not intend to litigate on the merits.

Called to account for its behavior, Celsius's only real response is to argue that, somehow, it was A SHOC who was playing a "litigation game", *id*. at 2, in which Celsius was somehow a victim because A SHOC actually abided by its obligation to litigate this case.  *Id*. at 3.  But it was Celsius—not A SHOC—who is the large, established market player here.  And it was Celsius that

sued A SHOC, the upstart competitor, not the other way around.  At most, Celsius now claims that it dismissed the case because it believed that A SHOC's rebranding would moot Celsius's claims. But this is revisionist, post-hoc justification and misdirection.  Although A SHOC has announced rebranding for an entirely different line of products, it *has not rebranded* the products that Celsius actually put at issue in this  case, *the Accelerator line*.  In fact, A SHOC explicitly explained this difference to Celsius and made clear that it *would not replace* the design features that Celsius claimed caused confusion.  Celsius's attempt to rewrite this history further demonstrates why it should not be allowed to reassert these claims and why its conduct should be sanctioned.

## ARGUMENT

### I.        Celsius Continues to Flout the Court's Rules.

As an initial matter, Celsius waived its right to respond by failing to comply with the local rules, and the Court should grant A SHOC's request in full.  The plain language of Local Rule 7.3(b) states that Celsius *must* "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, [or] provide supporting legal authority."  Celsius had three weeks to prepare such a description, but failed to do so.  In fact, it did not respond to the merits in writing *at all*, and thereby failed to comply with the rule.  *See Sloan v. Miami-Dady Cnty.,* 2020 WL 5902486, at *8 (S.D. Fla. Jan. 24, 2020) ("Plaintiff could have and should have lodged its objections to the time entries, as the Local Rule contemplates, with counsel for Defendant before the motion was filed. Local Rule 7.3's requirements are mandatory, not optional.").  Although Celsius argues that Local Rule 7.3(b) does not require them to "put pen to paper about each and every one of A SHOC's lawyers' and experts' fee entries," Opp. at 15, the question is not the sufficiency of Celsius's response:  It is that Celsius *did not respond at all* until A SHOC again requested a meet and confer call before filing its

3

motion—after Celsius's safe harbor response period had already expired.  Mot. at 23; Dkt. 54-1 (Hogan Decl.) ¶ 36.  Even then, however, Celsius *did not* "describe in writing and with reasonable particularity" *any* of its objections. This further justifies the relief sought in this motion.  *Perez v. Praetorian Ins. Co.,* 2019 WL 2255578, at *5 ("Plaintiff does not advance any argument disputing theses hourly rates or the time spent by Defendant. Moreover, any such argument would now be foreclosed by its failure to engage in the conferral process required by Southern District of Florida Local Rule 7.3(b)").[1]

## II.   Dismissal with Prejudice is a Proper Sanction for Celsius's Bad Faith Conduct.

Celsius offers absolutely no legitimate justification for any of its egregious stall tactics or violations of court orders.  Instead, Celsius argues, unbelievably, that it has complied with *all* of this Court's Orders in this matter.  Opp. at 7.  This is untrue, and contrary to Celsius's own statements in prior filings.  *See* Dkt. 47 at 3 (admitting to deficiencies in Mr. Lockwood's expert reports).  Critically, the Court's May 11, 2021 Pretrial Scheduling Order explicitly states that pretrial discovery "shall be conducted" according to the Federal Rules of Civil Procedure and the local rules of this Court (Dkt. 20 at 1) and that Plaintiff was required to "furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with

---

[1] Although the Court has already granted Celsius's separate request to deem its tardy opposition brief as if timely filed, Celsius's failure to file its Response on time provides yet another example of how it has serially wasted the Court's and A SHOC's time. When Defendants filed their motion for sanctions on November 5, 2021, Celsius had already been in possession of Defendants' motion since October 14, roughly three weeks.  Celsius had five weeks to prepare a response.  Two days before its response was due, Celsius filed a request for extension, citing "counsel's busy pre-Thanksgiving schedule and the absence of his associate from the office for the associate's wedding and honeymoon." Dkt. 55.  Thanksgiving is the same day each year, and weddings are generally not spontaneously calendared.  Celsius had plenty of time and opportunity to promptly notify the Court of any issue with its deadline.  It did not do so.  Then, after graciously being granted a 14-day extension, Celsius, unbelievably, filed its response late, and had to file yet another motion to seek leave of the Court to allow for the late filing, claiming "a clerical mistake or a technology error." Dkt. 58.

Fed. R. Civ. P. 26(a)(2)" by August 9, 2021.  *Id.* at 5.  As detailed extensively in Defendants'

motion (at 16-19), Celsius failed to abide by those rules.  Celsius also violated this Court's August

26, 2021 Order by failing to file a response to Defendants' Motion to Compel Production of

Documents.  Dkt. 37 (ordering Celsius to file a response by September 3, 2021).  Although Celsius

filed an opposition to the separate motion to compel answers to requests for admission and

interrogatories (Dkt. 43), it *never* responded to the motion to compel the production of documents

(*see* Dkt. 45 at 1 n.1) or explained why it *never* produced a single document.

In the face of a "clear record of delay or contumacious conduct by the plaintiff," dismissal

with prejudice is appropriate. *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1301

(11th Cir. 2019).  None of the cases that Celsius cites involve conduct like we have here:  a well-

funded plaintiff, represented by competent counsel, who serially flouts deadlines and refuses to

produce any documents or information in support of its own claim.  *See id.* at 1297-1300

(dismissing the complaint without prejudice under Fed. R. Civ. P. 41(a)(2) because a state

judgment "effectively rendered" the case outcome moot); *Ross v. Fogam,* 635 Fed. App'x 824,

830 (11th Cir. 2016) (finding dismissal with prejudice to be an extreme sanction "in the context of

section 1915," proceedings in forma pauperis); *Int'l Brominated Solvents Ass'n v. Am. Conference

of Gov. Indus, Hygienists, Inc.,* 2008 WL 1805445 at *5 (M.D. Ga. April 18, 2018) (Court

persuaded not to order dismissal where the responsibility for increased expense and time resulting

from discovery disputes was *shared* between the parties); *Hicks-Washington v. Hous. Auth. of City

of Fort Lauderdale*, 2019 WL 341185 at *5 (S.D. Fla. Jan. 28, 2019) (denying plaintiff's motion

for $5 million in sanctions where record showed no evidence of bad faith).[2]

---

[2]  Celsius's request that the Court not address the substance of A SHOC's Motions to Compel,
Opp. at 8 n.3, or its Motion to Exclude Experts, Opp. at 9 n.5, is a weak attempt to hide from
*(Cont'd on next page)*

Furthermore, Celsius's rationale for dismissal—that it dismissed this action when A SHOC announced "it was changing its brand identity," Opp. at 6—is nothing but an excuse for Celsius's transparent attempt to avoid appearing for a hearing on its frivolous discovery positions. Order, Dkt. 37 ("The Court shall consider sanctions or cost-shifting against any party or counsel who fails to comply with all discovery obligations, fails to comply with applicable rules and orders, or who takes a frivolous, dilatory or unreasonable discovery position."). Although Celsius asked about possible rebranding, A SHOC made it clear to Celsius the announced rebranding was for a different line of products that any discussion of possible redesigns to the A SHOC label were theoretical; and that, in any event, most (if not all) of the features cited in Celsius's trade dress and false advertising claims *would remain*. *See* H. Hogan Decl. at ¶¶ 2-7; Exs. A, B. Given the absence of any "justifiable basis for [its] complete failure to comply" with the Court's orders, *Zapata v. CarMax, Inc.*, 2019 WL 2267260, at *4 (S.D. Fla. Feb. 4, 2019), and Celsius's refusal, throughout the action, to participate in discovery, the Court should dismiss Celsius's claims with prejudice. *See Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 359-60 (11th Cir. 2009) (dismissing with prejudice where plaintiff did not "enunciate any compelling reason" for its failure to comply with court orders regarding discovery requests); *Stimson v. Stryker Sales Corp.*, 835 F. App'x 993, 998 (11th Cir. 2020) (noting dismissal is an appropriate sanction for a party that has acted in bad faith).

### III.   Attorneys' Fees Are Warranted Under 28 U.S.C. § 1927 And The Court's Inherent Authority.

Celsius's arguments against sanctions under Title 28, Section 1927 and the Court's inherent powers fare no better. Celsius makes three arguments. *First*, it claims that fees are unwarranted because "Section 1927 applies only to the multiplication of proceedings and not the initiation of

---

its egregious and sanctionable conduct, which is separately detailed in Defendants' motions. *See* Dkt. 34, 35, 39.

proceedings." Opp. at 10. This argument is completely beside the point because A SHOC isn't seeking sanctions based on the initiation of proceedings. As outlined in Defendants' initial motion, sanctions are warranted because Celsius "knowingly or recklessly pursue[d] frivolous claims" after it should have been apparent that the claims had no factual or legal basis, needlessly dragged out discovery with frivolous objections, and ignored the Court's scheduling order. Mot. at 11 (quoting *Amlong & Amlong v. Denny's, Inc.*, 500 F.3d 1230, 1241-42 (11th Cir. 2007). Indeed, A SHOC only sought an award of fees that were incurred ***after*** completion of briefing of its motion to dismiss, at which point "it should have been apparent that Celsius's claims were meritless." Mot. 20.

Second, Celsius states, without elaboration, that "A SHOC does not identify any conduct by either Celsius or its counsel that comes even close to objective bad faith." Opp. at 11. A SHOC clearly laid out conduct that courts *routinely* find supports a bad faith finding: (A) Celsius's claims were directly undermined by evidence in its own possession, as well as decades of unrefuted scientific literature, Mot. at 12-13; (B) Celsius sought to privately enforce the FDCA, which is clearly foreclosed by statute, Mot. at 13-14; (C) Celsius produced no evidence supporting any of its allegations, and continued to pursue its claims even after it was apparent that they were baseless, Mot. 12-15; (D) Celsius obstructed litigation of its own claims by failing to produce any documents or participate in discovery, Mot. 16-19; (E) Celsius denied facts that were indisputably true, such as the color of competitor cans, or the words that appeared in Celsius's own scientific studies, Mot. 17-18; (F) Celsius refused to answer standard interrogatories asking it to explain the factual basis for its claims, Mot. 18; (G) Celsius categorically refused to produce any documents, Mot. 18; (H) Celsius violated the Court's discovery schedule by not providing expert disclosures that clearly

violated its rule 26 obligations, Mot. 19.  Celsius engaged in a pattern of contumacious bad faith conduct throughout this litigation.

*Third,* Celsius claims that sanctions are unavailable because its conduct resulted in no delay. Opp. at 11. But sanctions are appropriate whenever an attorney's bad faith conduct "multiplies the proceedings."  28 U.S.C. § 1927.  Celsius's bad faith conduct multiplied the proceedings by forcing A SHOC to continue to defend after it was apparent that Celsius's claims were meritless, and by forcing A SHOC to file multiple motions to compel and a motion to exclude Celsius's experts.

Celsius has mounted, at best, a barebones defense against sanctions, bolstered by case law that, in fact, makes clear that sanctions are appropriate under these circumstances.  For example, Celsius relies on *In re Engle Cases*, a case ***that sanctioned a Plaintiffs' counsel more than $9 million*** for "unreasonably and vexatiously [] maintaining frivolous complaints in bad faith," even after "Counsel knew or must have known that a fundamental defect existed."  283 F. Supp. 3d 1174, 1225-26 (M.D. Fl. 2017).  Other cases Celsius relies on do not involve egregious discovery violations or the pursuit of obviously unsupported actions.  *E.g., Stewart v. Chambless*, 2016 WL 3583811 at *1 (M.D. Ala. June 30, 2016) (sanctions unavailable where, unlike here, the claims were potentially viable).  The appropriate response to Celsius's consistent delays, disruption of the action, as well as its reckless pursuit of frivolous claims is sanctions.  *See Barnes v. Dalton*, 158 F. 3d 1212, 1214 (11th Cir. 1998).

## IV.    A SHOC Is Entitled to Attorney's Fees Under the Lanham Act.

Celsius claims that fees under the Lanham Act are not appropriate because Celsius was not the prevailing party.  As A SHOC itself noted in its motion, a defendant is not typically a "prevailing party" when a plaintiff voluntarily dismisses its complaint without prejudice.  But

A SHOC will be a prevailing party if the Court dismisses this case with prejudice as a sanction for Celsius's bad faith conduct.  Indeed, a determination that Celsius had acted in bad faith by bringing a frivolous or unreasonable position would result in a "material alteration of the legal relationship of the parties," as well as serve as a "judicial imprimatur" on the merits of Celsius's claims.  *CRST Van Expedited v. EEOC*, 578 U.S. 419, 422 (2016).

Furthermore, Celsius argues that this case is not "exceptional" because A SHOC failed to allege Celsius acted in a "malicious, fraudulent, deliberate, and willful" manner.  Opp. at 13.  The Supreme Court **overturned that standard** in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), and held that "that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Id.* at 554; *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018).  This case easily satisfies the *Octane Fitness* "exceptional" standard for the reasons stated above.

### V.  A SHOC Is Not Seeking Fees Under Civil Rule 37

Plaintiffs spend a page and a half explaining why sanctions are not proper under Rule 37. A SHOC did not move for sanctions under this rule, and these arguments are beside the point.

### VI.  An Award of Expert Fees Is Proper

Plaintiff argues that an award of expert fees are not proper under the Lanham Act.  Expert fees are proper as a sanction, however, under 28 U.S.C. § 1927 and the Court's inherent powers. *See Wachovia Bank v. Tien*, 406 F. App'x 378, 383 (11th Cir. 2010) (attorney's fees and expert fees are proper sanctions under Court's inherent powers); *Barnes v. Dalton*, 158 F.3d 1212, 1215 (11th Cir. 1998) (same).  In any event, even under Celsius's own reading of Local Rule 7.3,

Celsius's argument is waived because it did not dispute the availability of these fees in writing (or orally, for that matter).

## CONCLUSION

Defendants request that the Court convert its dismissal of this action into a dismissal with prejudice and award A SHOC its reasonable attorneys' and expert fees of $249,357.50.

Date: December 10, 2021                    Respectfully submitted,

By:   /s/ *Kevin C. Kaplan*
**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
-and-

By:   */s/ Howard S. Hogan*
**Howard S. Hogan, Esq.**
(admitted pro hac vice)
hhogan@gibsondunn.com
**Christopher F. Kopp, Esq.**
(admitted pro hac vice)
ckopp@gibsondunn.com
**GIBSON, DUNN & CRUTCHER, LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036,
Telephone: (202) 955-8619
Facsimile: (202) 831-6033

*Counsel for Defendants A SHOC Beverage, LLC and KEURIG DR PEPPER INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 10, 2021, on all counsel or parties of record on the Service List below.

_/s/ Kevin C. Kaplan_
Kevin C. Kaplan

| SERVICE LIST<br>_Celsius Holdings, Inc. v. A SHOC Beverage, et al._<br>Case No. 21-80740-CIV-DMM/WM | |
| --- | --- |
| **Joel B. Rothman, Esq.**<br>joel.rothman@sriplaw.com<br>**Craig A. Wirth, Esq.**<br>craig.wirth@sriplaw.com<br>**SRIPLAW**<br>21301 Powerline Road, Suite 100<br>Boca Raton, Florida 33433<br>Telephone: (561) 404-4350<br>Facsimile:  (561) 404-4353<br><br>_Counsel for Plaintiff Celsius Holdings, Inc._ | |