UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-80740-CV-MIDDLEBROOKS

CELSIUS HOLDINGS, INC.,

    Plaintiff,

v.

A SHOC BEVERAGE, LLC, *et al*,

    Defendants.

_____/

## ORDER SETTING HEARING ON DEFENDANTS' MOTION FOR SANCTIONS AND FEES

THIS CAUSE comes before the Court on Defendants' Motion for Sanctions and Fees, filed on November 5, 2021. (DE 54). The Motion is fully briefed. (DE 57; DE 60). For the reasons explained below, a hearing on the Motion is scheduled for **Thursday, May 12, 2022, at 10:00 a.m.**

Plaintiff initiated this lawsuit on April 20, 2021, asserting nine counts[1] against Defendants for violations of the Lanham Act, the California Unfair Competition Law, the Florida Unfair and Deceptive Trade Practices Act, and common law unfair competition under California and Florida law based on the trade dress and labeling on Defendant's A SHOC energy drink. (DE 1). Put simply, Plaintiff alleges that A SHOC has infringed its trade dress, and that the label on Defendant A SHOC'S product is false and misleading. On May 5, 2021, I set this case for trial during the two-week period beginning January 18, 2022. (DE 11). And on May 11, 2021, Magistrate Judge

---

[1] The numerical counts in Plaintiff's Complaint are hard to follow. They are listed as Count I, Count II, Count III, Count IV, Count VII, Count XI, Count XII, Count VIII, and Count X, with no Count V, VI, or IX.

Brannon issued a Pretrial Scheduling Order that set, *inter alia*, August 9, 2021 as Plaintiff's deadline to furnish expert reports or summaries, and November 1, 2021 as the deadline to complete all discovery. (DE 20).

On May 28, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint, arguing that "(I) Celsius's trade dress claims rely entirely on functional (and common) industry conventions like the use of different colors to denote different flavors, rather than anything that is unique to Celsius; and (II) the scientific studies cited in Celsius's own Complaint definitely establish that Defendants have used the terms at issue properly." (DE 27 at 1). Defendants also filed a number of discovery motions, including a Motion to Compel Production of Documents (DE 34), Motion to Compel Answers to Requests for Admission and Interrogatories (DE 35), and Motion to Exclude Testimony of Ralph Blessing and Christopher Lockwood (DE 39), Plaintiff's experts. A hearing on Defendants' discovery motions was set for September 20, 2021. (DE 37). But one week prior to that hearing, Plaintiff voluntarily dismissed this action without prejudice. (DE 50).

Defendants request that I convert Plaintiff's voluntary dismissal into a dismissal with prejudice, and that I award them their attorneys' fees and expert fees pursuant to 28 U.S.C. § 1927, the Court's inherent powers, and 15 U.S.C. § 1117(a). They argue that this is an exceptional case because of "the bad faith under which it was brought and conducted." (*Id.* at 2). In support, they claim (1) that Plaintiff's false advertising claims were flatly contradicted by scientific studies cited in its own Complaint; (2) that the purportedly infringing trade dress consisted of functional conventions that as a matter of black letter law cannot be trademarked; and (3) that Plaintiff refused to produce a single document, answer a single interrogatory, answer almost all requests for admission, and did not provide the required expert reports by its deadline to do so. (*Id.*).

"Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007); *see also Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000) ("Counsel subject to section 1927 sanctions are entitled to be heard regarding the matter."). Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

(1) A hearing on Defendants' Motion for Sanctions and Fees is set for **May 12, 2022** at **10:00 a.m.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 29th day of April, 2022.

Donald M. Middlebrooks
United States District Judge