UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-80740-MIDDLEBROOKS

CELSIUS HOLDINGS, INC.,

     Plaintiff,

vs.

A SHOC BEVERAGE, LLC, et al.

     Defendants

_____ /

## SRIPLAW'S MOTION TO DISCHARGE SUPERSEDEAS BOND

Joel B. Rothman ("Rothman"), Craig A. Wirth ("Wirth"), and SRIPLAW, P.A. ("SRIP") (Collectively Rothman, Wirth, and SRIP are "Sriplaw), move to discharge the supersedeas bond in this matter and state.

## MEMORANDUM OF LAW

### I.    Procedural Background

On July 18, 2022, this Court entered an Order ("Order on Appeal") requiring Sriplaw pay $249,357.50 in sanctions and fees to A Shoc Beverage, LLC and Keurig Dr. Pepper, Inc. ("A Shoc"). ECF 66. On August 15, 2022, Sriplaw filed a Notice of Appeal, appealing the Order to the United States Court of Appeals for the Eleventh Circuit. ECF 76.

On August 19, 2022, Sriplaw moved to stay enforcement pending appeal, posted a bond, and placed other security into escrow at Kaufman Dolowich, LLP. ECF 79.

On December 5, 2022, A Shoc moved to compel production of financial documents in support of executing on collecting the sanction. ECF 86.

On December 16, 2022, Sriplaw filed a copy of a supersedeas bond for $250,000. ECF 87-1.

In pertinent part, the bond sets forth:

    a. It is "security for a stay of execution of the order pending appeal" in this matter "pursuant to Rule 62(d) of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure."
    b. "Principal and surety are bound to satisfy in full the judgment of the district court if the appeal is dismissed or the order on appeal is confirmed."
    c. "In the event the order is reversed on appeal, then this obligation shall be null and void."

Thereafter, Sriplaw deposited an additional $24,293.25 into Escrow at Kaufman Dolowich, LLP. See **Exhibit A**. The escrow agreement sets forth in pertinent part: a) In the event the Order on appeal is affirmed or the appeal is dismissed, the escrow agent shall release the amount of funds determined to be due and owing over $250,000 to A Shoc; and b) In the event the Order on appeal is reversed, the Escrow agent shall release to Sriplaw the escrow funds.

With the security in place, A Shoc agreed that Sriplaw's Motion to Stay should be granted and that its Motion to Compel should be denied without prejudice.

On October 10, 2025, the US Court of Appeals for the Eleventh Circuit vacated the amount of the sanctions award for recalculation.

## II.    Argument

What happened here is essentially the equivalent reversing a judgment and ordering a new trial only on damages. "It is a clear and well-settled principle that a surety is bound to the extent of the terms of his obligation and no further." *Conlee Constr. Co. v. Cay Constr. Co.*, 221 So. 2d 792 citing *Kulhanjian v. Moomjian*, Fla.1958, 105 So. 2d 783. Fed. R. Civ. P. 62(b) sets forth "(b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or

other security."

As the United States Court of Appeals for the Fifth Circuit set forth in 1986:

> Louisiana cases are clear that an appeal bond that complies with statutory requirements covers not only the judgment issued by the trial court but any modification of that judgment by the appellate court. *See, e.g., Diamond v. Petit*, 3 La. Ann. 37 (1848). This result follows from the language and purpose of the bond. **It does not necessarily follow, however, that the surety obligates itself to pay whatever judgment may ultimately be awarded against the principal following a reversal on appeal. Once the appellate court reverses the original judgment, no enforceable judgment exists and a new trial -- even though perhaps limited to damages -- must be held.** The ultimate judgment issued after this new trial may bear little relation to the original judgment. **It may be, as LaSalle argues, that an obligation to pay some money survives a reversal because of inadequate proof of damages. It does not follow, however, that the obligation of the surety is extended beyond the terms of the bond that secures only the payment of a specific prior trial court judgment or any modification of that judgment by the appellate court**.

*Aetna Casualty & Surety Co. v. La Salle Pump and Supply Co.*, 804 F. 2d 315 (5th Cir. 1986) (emphasis added).

Here the bond language states the bond is "security for a stay of execution of the order pending appeal" in this matter. The bond further sets forth that "[p]rincipal and surety are bound to satisfy in full the judgment of the district court if the appeal is dismissed or the order on appeal is confirmed." The Escrow Agreement states that agent shall maintain the escrow funds during the pendency of the appeal. It further requires that if the Order on Appeal is reversed, the Escrow agent shall release to Sriplaw the escrow funds.

In the instant case, like *La Salle,* what is absolutely clear is that the bond "secures only the payment of a specific prior trial court judgment or any modification of that judgment by the appellate court" and the specific prior Order on Appeal no longer exists. There is no money judgment. Accordingly, A Shoc cannot execute on anything. There is nothing to stay and the Order on appeal does not exist.

### III.  Conclusion

The bond's sole purpose was to guarantee payment based on an Order that no longer exists.  There is no monetary obligation.  There is no Order that can be the subject of a stay. The "pendency of the appeal" is over and the Order on Appeal does not exist.  According, the bond should be discharged and collateral and escrowed funds returned.

WHEREFORE, Sriplaw asks this Honorable Court to grant this Motion and issue an Order:

a. Ruling the Order on Appeal no longer exists in enforceable form;

b. Ruling the surety underwriting the supersedeas bond has no further obligation and the bond is discharged;

c.  Directing the surety to release all collateral in its possession securing the bond to Sriplaw;

d.  Directing Kaufman Dolowich, LLP, as an escrow agent, to return the money in its possession to Sriplaw and ruling that thereafter the escrow agent and will be relieved of its duties; and

e. granting such further relief that this Court deems just and proper.

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

I hereby certify that I conferred with opposing counsel via Teams, telephone, and email regarding the relief sought in this Motion and that counsel currently objects.  Whereas Sriplaw's position is as stated herein, counsel for A Shoc's position is that the language of the bond and authority do not support Sriplaw's position and that Sriplaw should present a monetary amount to which it believes A Shoc is entitled before A Shoc can fully consider the relief requested herein.  At this time the parties do not agree and have agreed to continue to confer.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 25, 2025, a true and correct copy of the foregoing was served to all counsel of record via CM/ECF.

**ZINOBER DIANA & MONTEVERDE, P.A.**

*/s/ Avery A. Dial*
**Avery A. Dial, Esq.**
Florida Bar No.: 732036
Counsel for Joel B. Rothman, Craig A. Wirth, and SRIPLAW, P.A.
2400 E. Commercial Blvd., Suite 420
Fort Lauderdale, FL 33308
Phone: (954) 256-9288
Fax: (727) 498-8902
Emails: Avery@zinoberdiana.com
Dloris@zinoberdiana.com