**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-80740-CIV-MIDDLEBROOKS**

CELSIUS HOLDINGS, INC.,

    Plaintiff,

vs.

A SHOC BEVERAGE, LLC and
KEURIG DR PEPPER INC.,

    Defendants.
_____/

## JOINT STATUS REPORT

In response to the Court's Order Requiring Joint Status Report (DE 99), the Parties, by and through undersigned counsel, hereby report as follows:

1.     **Agreement on an Amount:** Counsel for the Parties conferred, including by email, telephone, and videoconferences on November 24 and 25, 2025, but were unable to reach agreement on an amount in light of the Eleventh Circuit's mandate.

2.     **Litigation/Briefing Schedule:**

    a.     **A SHOC BEVERAGE LLC's Position:** A SHOC believes the matter can be appropriately presented to the Court through additional briefing and proposes the following briefing schedule: (1) A Shoc Beverage, LLC shall file an initial brief no later than December 5, 2025; (2) SRipLaw may file a response brief within 14 days; and (3) A Shoc may then file a reply brief within 7 days. A SHOC disagrees with SRipLaw's position, opposes the protracted proceedings they suggest, and does not intend to renew arguments under the Lanham Act against Celsius.

1

      b.      **SRIPLAW's Position:** The Eleventh Circuit indicated that the "bad faith conduct" included conduct of Celsius. See, e.g., 11th Cir. Opin. at 19, 20 ("For purposes of determining whether Celsius needlessly multiplied the proceedings, we look to what actions during the litigation could have been avoided but for the attorney's bad faith conduct. In this case, the district court should have focused on Celsius' behavior during discovery . . .'" "The record supports a finding, and the imposition of sanctions for, "dragg[ing] out discovery with frivolous objections"— which Celsius repeated over the course of the litigation and which caused A SHOC to engage in discovery behavior and incur fees it could have avoided.")

However, **Celsius is not represented here.** This Court granted the motion of prior counsel to withdraw on August 10, 2022 (DE 69) and no new counsel appeared for Celsius thereafter. Therefore, Celsius should be ordered to appear here through counsel so that the "revised award [] reflect[s] costs in an amount that reflects only the bad faith conduct that multiplied district court proceedings, rather than all potential bad faith conduct beginning with the filing of the suit." (11th Cir. Opin. at 24).

Once Celsius appears, further effort towards resolution can be made by the parties and former counsel. If no resolution is reached, SRipLaw respectfully requests the Court refer the matter for determination on remand to a Magistrate Judge of this Court for scheduling, discovery (if needed) and to conduct a hearing (if needed) that would facilitate a final determination that could then be reviewed by the Court if any party objects.

Counsel for A SHOC has represented that A SHOC "will renew arguments under the Lanham Act, as an alternative basis supporting the award." and that it reserves all of its rights to pursue other theories of attorneys' fee recovery including "exceptional case" under the Lanham Act.

Exceptional case attorneys' fees would only be recoverable from Celsius, not former counsel, and therefore this renewed attorneys' fee claim provides a further reason why Celsius should appear through counsel in this case.

SRipLaw and its counsel have deadlines, scheduled depositions and hearings in other matters including a Second Circuit Court of Appeals reply brief due later this month and requested the following alternative schedule but A SHOC refused: (1) A Shoc Beverage, LLC shall file an initial brief no later than December 15, 2025; (2) SRipLaw may file a response brief no later than January 5, 2026; and (3) A Shoc may then file a reply brief no later than January 12, 2026. SRipLaw respectfully requests that if the Court does not refer this matter to a Magistrate Judge for scheduling that SRipLaw's schedule be adopted.

Dated: December 1, 2025.

Respectfully submitted,

[SIGNATURES ON NEXT PAGE]

*/s/ Kevin C. Kaplan*
**Kevin C. Kaplan, Esq.**
Florida Bar No. 93348
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

-and-

By:   */s/ Howard S. Hogan*
**Howard S. Hogan, Esq.**
(admitted *pro hac vice*)
hhogan@gibsondunn.com
**Christopher F. Kopp, Esq.**
(admitted *pro hac vice*)
ckopp@gibsondunn.com
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036,
Telephone: (202) 955-8619
Facsimile: (202) 831-6033

*Counsel for Defendants A SHOC Beverage, LLC and KEURIG DR PEPPER INC.*

*/s/ Avery A. Dial*
**Avery A. Dial, Esq.**
Florida Bar No. 732036
Avery@zinoberdiana.com
Dloris@zinoberdiana.com
**Lisa Lucena, Esq.**
Florida Bar No. 96930
Lisa@zinoberdiana.com
Vandana@zinoberdiana.com
**ZINOBER DIANA & MONTEVERDA, P.A.**
2400 E. Commercial Blvd., Suite 420
Fort Lauderdale, Florida 33308
Telephone: (954) 256-9288
Facsimile: (727) 498-8902

*Counsel for Joel B. Rothman, Craig A. Wirth, and SRIPLAW, P.A.*