UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-cv-80740-DMM-WM

CELSIUS HOLDINGS, INC.,

    Plaintiff,

v.

A SHOC BEVERAGE, LLC AND KEURIG DR PEPPER, INC.,

    Defendants.

### DEFENDANTS' MOTION FOR ENTRY OF AMENDED JUDGMENT

Defendants A SCHOC BEVERAGE, LLC and KEURIG DR PEPPER, INC, in accordance with the mandate issued by the Eleventh Circuit Court of Appeals[1], hereby respectfully submit the following Motion for Entry of Amended Judgment, with a recalculated award of reasonable fees and costs incurred as a result of Sriplaw's bad faith conduct during discovery in the amount of $243,891.84.[2]

### I. BACKGROUND

On July 28, 2022, this Court entered its Order ("Order") granting Defendants' Motion for Sanctions and Fees pursuant to 28 U.S.C. §1927 ("Motion"). (DE 66). Following the sanctions Order, Sriplaw withdrew as Celsius' counsel (DE 68), and pursued an appeal challenging the finding of bad faith on the part of Sriplaw. (DE 76). The Eleventh Circuit, after full briefing and oral argument, issued its Opinion on October 10, 2025.

---

[1] Appellate Doc. 64-1; 2025 WL 2887300 (11TH Cir. Oct. 10. 2025) (hereinafter the "Opinion").
[2] This Court previously awarded $249,357.50 on July 18, 2022. (DE 66 at 10).

The Opinion affirmed this Court's finding of bad faith with respect to Sriplaw's discovery conduct, specifically referencing its responses and objections to Defendants' discovery requests as well as its faulty expert disclosures. Opinion at 17-18. However, the Eleventh Circuit required a recalculation of the amount awarded related to that bad faith. *Id.* at 20. The Opinion instructs this Court to limit the recalculated amount to "excess fees and expenses [Defendants] incurred as a result of Sriplaw's bad faith conduct during discovery." *Id.* at 21.

Following the Eleventh Circuit's instruction, Defendants have eliminated certain fees that were included in this Court's previous award, but which were not incurred as a result of Sriplaw's bad faith conduct during discovery. For example, attorneys' fees related to the review and drafting of A SHOC's discovery requests and A SHOC's responses to Plaintiff's discovery requests have been removed, as those fees would have been incurred regardless of Sriplaw's subsequent bad faith in its responses and objections to those requests. A SHOC has also removed certain fees and costs related to the work of its experts, prior to the improper, bad faith expert disclosures of Sriplaw, which triggered further work by A SHOC's counsel and experts. The recalculated fees and costs total $200,814.24, as compared to the initial amount of $249,357.50.

A SHOC also now seeks the additional fees it incurred, following the filing of its Motion in November of 2021 (DE 54), and the issuance of the Court's Order in July of 2022 (DE 66), including the time incurred in connection with the hearing on May 12, 2022. These fees total $43,077.50. *See* Ex. C, D. These fees added to the recalculated amount of previously awarded fees total $243,891.84.

## II. ARGUMENT

The fees and expenses that make up the recalculated amount include both Defendants' attorneys' fees relating to the bad faith discovery responses, Opinion at 17 (focusing on Sriplaw's bad faith discovery responses on behalf of Celsius), and the expert fees and expenses incurred after the bad faith expert witness disclosure. Opinion at 18 (noting that the "expert witness disclosures… also highlight the deficiencies in Celsius' discovery responses."). The recalculated attorneys' fees are set forth in Section III below, and are clearly supported in the light of the Opinion.

Sriplaw is also liable for the additional attorneys' fees incurred in the course of Defendants' Motion for Sanctions, because those fees were incurred as a direct result of Sriplaw's bad faith as found by the Eleventh Circuit. *Peterson v. BMI* Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997) (explaining that multiplication of proceedings occurs where an attorney's bad faith conduct "results in proceedings that would not have been conducted otherwise"). Defendants' Motion for Sanctions had no purpose other than to address Sriplaw's bad faith, and as a result, fees incurred in pursuit of that Motion are "excess fees and expenses [Defendants] incurred as a result of Sriplaw's bad faith during discovery." Opinion at 21.

Finally, Sriplaw is liable for the expert witness expenses incurred as a result of the bad faith expert disclosure and failure to provide discovery. Sriplaw is liable for the expert fees because they were incurred as a direct result of the expert witness disclosures submitted by Sriplaw on behalf of Celsius, which the Eleventh Circuit found to be in bad faith. *See, e.g., GS Holistic, LLC v. Brother Pastor LLC*, 2023 WL 5720708 (M.D. Fla. Sept. 5, 2023) (finding expert fees to be "'excess costs' and 'expenses' 'reasonably incurred because of' the attorney's unreasonable and vexatious conduct") (citing and quoting 28 U.S.C. § 1927). In light of Sriplaw's failure to produce any adequate expert reports in compliance with the Federal Rules of Civil Procedure, the

3

expert disclosures were plainly vexatious and unreasonable. The resultant multiplication of the discovery dispute proceedings is evident from the Eleventh Circuit's confirmation that Sriplaw's actions with respect to expert disclosures also established its bad faith. Opinion at 18.

The Eleventh Circuit has "consistently held that an attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citation and quotation omitted). "Bad faith is the touchstone… [a] determination of bad faith is warranted where an attorney… engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). The intentional submission of non-compliant expert disclosures is exactly the kind of needless, obstructive litigation tactic that supports sanctions for the expenses unnecessarily incurred as a result.

That is clearly what occurred here. The deficient, bad faith disclosures by Sriplaw forced A SHOC's action in response. First, A SHOC was required to engage in motion practice, addressing Sriplaw's violations of the Court's scheduling order and its expert disclosure obligations. Accordingly, A SHOC prepared and filed its Motion to Exclude Testimony of certain of Plaintiff's experts (DE 39) and was also forced to file two motions to compel (DE 34 & 35). Second, A SHOC was still required to incur fees and expenses developing its expert witnesses, in the event Plaintiffs' experts were permitted to testify or the Motion to Exclude denied. That process directly addressed the deficiencies with Sriplaw's bad faith expert disclosures and discovery misconduct. For example, as demonstrated in the report of A SHOC's damages expert, Andrew Bernstein, that expert was forced to assess the record demonstrating Sriplaw's failure to "provide[] any information about its damages in discovery." Report at 6. On that basis, he opined

4

"that there is no evidence that the Plaintiff has incurred any actual damages." *Id.* at 8. He then assessed the various components of the claimed damages, consisting of lost profits and increased advertising and marketing costs, and similarly concluded that Celsius had not proved either component. *Id.* at 9-11. This analysis – although essentially an exercise in futility directly related to Sriplaw's bad faith conduct related to discovery and expert disclosures – required A SHOC to incur attorneys' fees and expert costs.

This analysis is equally applicable to the work of A SHOC's other experts, who were also forced to spin wheels based on the deficient disclosures of the Plaintiff's counterpart experts, and the failure to provide discovery. Thus, Richard Kreider, A SHOC's expert on energy drinks, incurred time reviewing and responding to the deficiencies of Plaintiff's expert, Chris Lockwood. And, A SHOC's survey expert, Ronald Goodstein, was required to conduct a survey analysis given the Plaintiff's disclosure of its own survey expert, Ralph Blessing, although no expert report was provided by Sriplaw for him. Simply put, had Sriplaw complied with its Rule 26 obligations to provide discovery and valid expert disclosures, experts that Plaintiff did not intend to use, or had not prepared, would not have been disclosed, and the expense incurred by A SHOC in developing its counter-experts would similarly have been avoided.

### III. RECALCULATED AWARD AMOUNT

The recalculated award amount proposed by Defendants, $243,891.84, reflects both a precise reduction in light of the areas of concern identified by the Eleventh Circuit and the inclusion of additional attorneys' fees incurred in the process of seeking the sanctions award. Specifically, the reduced number reflects the removal of certain attorneys' fees and expert fees incurred prior to the dates of relevant conduct identified by the Eleventh Circuit, i.e., the date of Sriplaw's first bad faith discovery response and objections, August 2, 2021, and the date Sriplaw

5

was required to provide its expert reports, August 9, 2021. These dates represent that point at which Sriplaw began unnecessarily and improperly multiplying the proceedings.

The reductions, reflected in exhibits A and B[3], are as follows:

1. The attorneys' fees related to Coffey Burlington's work have been reduced by $2,925.00. This reduction reflects removal of fee entries related to what would have otherwise been the normal course of discovery regardless of Sriplaw's bad faith. Ex. A.

2. The attorneys' fees related to Gibson Dunn have been reduced by $19,934.00. This reduction reflects removal of fee entries related to what would have otherwise been the normal course of discovery regardless of Sriplaw's bad faith. Ex. B

Expert witness fees, related to the work of the experts, prior to the improper, bad faith expert disclosures of Sriplaw, have been reduced by a total amount of $25,172.50. This reduction reflects removal of fees incurred on or prior to August 9, 2021. The remaining expert fees in the total amount of $64,777.50 relate to the work the experts performed related specifically to Sriplaw's sanctionable conduct. *See* Declaration of Howard Hogan, filed herewith, ¶ 6. Defendants' expert reports along with their professional qualifications were previously submitted to this Court with Defendants' Motion for Sanctions. (DE 54-1, Ex. A-C).

The additional fees incurred in relation to Defendants' Motion for Sanctions, reflected in exhibits C and D, and are as follows:

1. The additional attorneys' fees incurred as a result of Coffey Burlington's involvement in the Motion for Sanctions totals $23,525.00. These fees relate to necessary communications,

---

[3] Exhibits A and B constitute the same billing records previously presented with Defendants' Motion for Sanctions, DE 54, with the highlighted entries removed in accordance with the Eleventh Circuit's mandate. Exhibits C and D constitute new, additional billing records reflecting the attorneys' fees incurred in relation to Defendants' litigation of the Motion for Sanctions.

review, drafting, and research relating to the Motion as well as preparation and attendance at the sanctions hearing. Ex. C.

2. The additional attorneys' fees incurred as a result of Gibson Dunn's involvement in the Motion for Sanctions totals $19,552.50. These fees relate to necessary communications, review, drafting, and research relating to the Motion as well as assistance in preparation for the sanctions hearing. Ex. D.

## CONCLUSION

The above-listed modifications to the award amount are in accordance with the instruction of the Eleventh Circuit that "A SHOC is due only the excess fees and expenses it incurred as a result of Sriplaw's bad faith conduct during discovery." Opinion at 21. The final adjusted amount of this Court's award should be $243,891.84.

Dated: December 5, 2025                             Respectfully submitted,

By:   /s/ *Kevin C. Kaplan*
**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

-and-

By:   /s/ *Howard S. Hogan*
**Howard S. Hogan, Esq.**
(admitted *pro hac vice*)
hhogan@gibsondunn.com
**Christopher F. Kopp, Esq.**
(admitted *pro hac vice*)
ckopp@gibsondunn.com

GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036,
Telephone: (202) 955-8619
Facsimile: (202) 831-6033

*Counsel for Defendants A SHOC Beverage, LLC and KEURIG DR PEPPER INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 5, 2025, on all counsel or parties of record on the Service List below.

/s/ Kevin C. Kaplan
Kevin C. Kaplan

| SERVICE LIST<br>*Celsius Holdings, Inc. v. A SHOC Beverage, et al.*<br>Case No. 21-80740-CIV-MIDDLEBROOKS/BRANNON ||
|---|---|
| **Joel B. Rothman, Esq.**<br>joel.rothman@sriplaw.com<br>**Craig A. Wirth, Esq.**<br>craig.wirth@sriplaw.com<br>**Meir Teitelbaum, Esq.**<br>Meir.teitelbaum@sriplaw.com<br>**SRIPLAW**<br>21301 Powerline Road, Suite 100<br>Boca Raton, Florida 33433<br>Telephone: (561) 404-4350<br>Facsimile: (561) 404-4353<br><br>*Counsel for Plaintiff Celsius Holdings, Inc.* | |