UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-80740-MIDDLEBROOKS

CELSIUS HOLDINGS, INC.,

    Plaintiff,

vs.

A SHOC BEVERAGE, LLC, et al.

    Defendants.

_____/

**SRIPLAW'S REPLY IN SUPPORT OF MOTION TO DISCHARGE SUPERSEDEAS BOND**

Joel B. Rothman ("Rothman"), Craig A. Wirth ("Wirth"), and SRIPLAW, P.A. ("SRIP") (Collectively Rothman, Wirth, and SRIP are "Sriplaw), move to discharge the supersedeas bond in this matter and state.

**MEMORANDUM OF LAW**

**I. The Response Never Confronts the Controlling Bond Language or the Binding Surety-Law Limitation It Concedes**

A Shoc ignores the rule that "a surety is bound to the extent of the terms of his obligation and no further." *Conlee Constr. Co. v. Cay Constr. Co.*, 221 So. 2d 792 (Fla. 4th DCA 1969), citing *Kulhanjian v. Moomjian*, 105 So. 2d 783 (Fla. 1958). This rule governs the bond here.

As set out in ECF 101 and the bond itself, here the surety expressly agreed to **only three conditions**: 1) The bond serves as "security for a stay of execution of the order pending appeal"; 2) The surety is obligated only if "the appeal is dismissed or the order on appeal is confirmed"; and 3) "In the event the order is reversed on appeal, then this obligation shall be

null and void." ECF 87-1.

The bond with these terms were filed with the Court. A Shoc could have objected to the terms or challenged the terms, but instead it accepted the terms. The terms are clear and binding.

A Shoc does not dispute that the dollar amount of the Court's order that the Eleventh Circuit vacated was eliminated by the vacatur. Nor can this proposition be challenged since after decisions are vacated, "[t]hey have no legal effect whatever. They are void." *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002). The Eleventh Circuit's mandate vacated the sanctions amount in full. "[V]acated court orders are understood to be void and, thus, lacking prospective legal effect." *In re Faison*, No. 25-12750, 2025 U.S. App. LEXIS 21500, at *4-5 (11th Cir. Aug. 21, 2025).

There is no monetary judgment to bond, no judgment to execute upon, and indeed no judgment at all. Where there is no judgment, there can be no stay under Rule 62. The bond has no remaining subject matter and must be released.

**II. *Franklinville* is of Little Value as it was Created in a Paradigm Where Rule 62 Did Not Address that the Bond Language Controls.**

A Shoc cites *Franklinville Realty Co. v. Arnold Constr. Co.*, 132 F.2d 828 (5th Cir. 1946). That is a very old case decided under a prior version of Rule 62(d) that read, in pertinent part, " . . .The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes place when the court approves the bond." 2017 USCS Fed Rules Civ Proc R 62.

The rule changed in 2018. The new Rule 62(d) essentially became the current Rule 62(b).  The pertinent language now reads "The stay takes effect when the court approves the bond **and remains in effect for the time specified in the bond or other security.**" Fed. R.

Civ. P. 62(b) emphasis added.

The 2018 addition makes clear that the bond's language controls. That was not the explicit rule at the time of *Franklinville*. At the time of *Franklinville*, it was understood that the district court had the inherent—but not explicit—power to stay judgments on terms the district court determined to be acceptable in its discretion. See, e.g., *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979)(concluding under the predecessor Rule 62 that the district court may "exercise a discretion" to substitute other security or "an appropriate restraint" instead of a full supersedeas bond).

Under the current rule, the bond language controls. A Shoc holds no enforceable money judgment whatsoever. Therefore, the terms of the supersedeas bond require its release as the bond cannot secure a judgment that does not exist, especially where the language of the bond itself never anticipated vacatur.

The Eleventh Circuit did not affirm the sanctions award, modify it, or leave any executable judgment in place. It vacated the amount entirely. The bond must be released.

### III. A Shoc's Arguments About "Affirmed Liability" Are Irrelevant to the Bond's Actual Undertaking

A Shoc repeatedly asserts that the Eleventh Circuit "affirmed liability." The mandate speaks for itself. One might also observe that the reason for vacatur called the accuracy of the findings into question. See 8 Moore's Federal Practice - Civil § 38.43 (discussing the effects of vacatur and whether vacatur impugns fact finding). But one thing is clear: that has nothing to do with the bond because a bond does not secure liability, it secures a specific amount awarded as a guarantee of payment only if the order is affirmed or the appeal dismissed.

The surety agreed to nothing more. The surety certainly did not agree to secure whatever sanctions might later be imposed following a vacatur and remand. A surety bond is

not an insurance policy for future, unknown judgments. Insurance can only protect against risks that can be underwritten and priced. A bond is a narrow and strictly construed undertaking. A Shoc is asking the Court to change that rule. The Court cannot.

### IV. There Can Be No Stay of Execution Where There Is Nothing to Execute Upon

Rule 62 stays enforcement of a judgment. Because the Eleventh Circuit eliminated the sanctions amount, no judgment exists. Sriplaw and its lawyers owe no sum of money today to A Shoc. A Shoc's opposition never explains how a supersedeas bond could remain in effect when its underlying judgment has been erased from the docket.

### V. The Escrow Agreement Independently Requires Return of the Funds

The escrow agreement is explicit: If the Order on Appeal is affirmed, funds go to A Shoc.  If the Order on Appeal is reversed, the funds return to Sriplaw.

The Eleventh Circuit vacated the sanctions amount. Under the parties' own contract, the escrowed funds must be returned. A Shoc offer no contractual theory that would permit the escrow agent to continue withholding funds after the judgment that justified the escrow has ceased to exist.

### VI. A Shoc's Position Would Create a Type of Bond That Does Not Exist in Surety Law

Accepting A Shoc's argument would transform this supersedeas bond into a commitment to satisfy any future sanctions award yet to be determined. That is not what the bond says, not what the surety bargained for, not what the law recognizes, and not what Rule 62 contemplates. Sureties do not guarantee future, indeterminate judgments unless the bond explicitly says so. This one does not. The Court cannot rewrite the instrument.

### VIII. Conclusion

The sanctions award was vacated, leaving no enforceable judgment and eliminating the

4

only condition under which the supersedeas bond had legal effect. The bond became null and void upon mandate, and the escrow agreement independently requires return of funds to Sriplaw. A Shoc's Response fails to identify any binding authority that keeps a supersedeas bond alive after the underlying judgment has been vacated, that has been decided under the current version of Rule 62.  The bond and escrow agreements are contracts, and the interpretation of those contracts are legal issues for the court to decide based on the plain language of the agreements.

Sriplaw respectfully requests that the Court:

a. Declare that the Order on Appeal no longer exists in enforceable form;
b. Declare that the supersedeas bond is discharged and the surety's obligations extinguished;
c. Direct the surety to release all collateral in its possession to Sriplaw;
d. Direct Kaufman Dolowich, LLP to return all escrowed funds to Sriplaw and discharge the escrow agent from further duties; and
e. Grant such other relief the Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2025, a true and correct copy of the foregoing was served to all counsel of record via CM/ECF.

**ZINOBER DIANA & MONTEVERDE, P.A.**

*/s/ Avery A. Dial*
**Avery A. Dial, Esq.**
Florida Bar No.: 732036
Counsel for Joel B. Rothman, Craig A. Wirth, and SRIPLAW, P.A.
2400 E. Commercial Blvd., Suite 420
Fort Lauderdale, FL 33308
Phone: (954) 256-9288
Fax: (727) 498-8902
Emails: Avery@zinoberdiana.com
Dloris@zinoberdiana.com