UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-cv-80740-DMM-WM

CELSIUS HOLDINGS, INC.,

    Plaintiff,

v.

A SHOC BEVERAGE, LLC AND KEURIG DR PEPPER, INC.,

    Defendants.

## JOINT STATUS REPORT

Defendants A SCHOC BEVERAGE, LLC and KEURIG DR PEPPER, INC (collectively "Defendants") and Joel B Rothman, Craig A. Wirth, and SRIPLAW, P.A. (collectively "Sriplaw"), pursuant to this Court's January 29, 2026 Order ("Order"), DE 117, and after conferral with counsel, hereby submit this Joint Status Report on the respective positions of the parties and state:

### Introduction

The parties conferred on January 29, 2026, pursuant to the direction of this Court's Order, but remain at an impasse regarding the proper amount of the ultimate award, as set forth below.

### Defendants' Position

Based on the analysis set forth in the Court's Order, Defendants have now deducted all fees incurred prior to July 26, 2021, and all fees related to experts incurred prior to August 9, 2021. The pre-July 26th fee entries for Coffey Burlington are outlined in red on Exhibit "A" hereto (which is the billing information included with the Motion for Amended Judgment, DE 103-1, at 6-10)[1];

---

[1] As a reminder, the entries highlighted in yellow were not included as part of the requested fees for the Amended Judgment.

1

they total $375.00.  The pre-July 26th fee entries for Gibson Dunn are outlined in red on Exhibit "B" hereto (which is the billing information included with the Motion for Amended Judgment, DE 103-1, at 12-12); they total $7,678.00.  The total amount of pre-July 26th fees that have now been deducted from both firms' billings is $8,053.00.

Defendants have also deducted five additional time entries from the Gibson Dunn billing entries that related to expert witness work, prior to August 9, 2025.  Those entries are also outlined in red on Exhibit B, p.3, and total $4,480.00.  While the entries related to discovery issues, for which fees would be recoverable, all time for these entries has been deducted. Coffey Burlington did not spend any time on expert issues prior to August 9, 2025.

Accordingly, following the guidance in the Order, Defendants are now deducting $12,533.00 from the requested amount for the amended judgment, resulting in the amount of $231,358.84.

In addition, Defendants request additional fees in the amount of $28,910.00 for time incurred as a result of the ongoing briefing in this matter resulting from SRIPLAW's continued opposition to entry of an amended judgment in accordance with the Mandate.  The additional fees are shown on Coffey Burlington's fee run, from November 25, 2025 to date, a true and correct copy of which is attached as Exhibit "C" hereto.

Accordingly, Defendants seek entry of an Amended Judgment in the amount of $260,268.84

## Sriplaw's Position

Sriplaw maintains that an amount of fees that is fair, equitable, and compliant with the mandate and this Court's further ruling is **$162,253.**

Under the Order at ECF 117, Defendants are entitled to 1. Expert costs after August 9, 2021 and caused by Sriplaw's deficient expert disclosure; and 2. Discovery issues beginning on July 26, 2021 and related to Sriplaw's conferral and service of deficient discovery responses, then the total amount, as of time of the original motion was $158,728. Please see Sriplaw's calculations at Exhibits "D" and "E" attached hereto. Then, taking Defendants' claim for fees up through the time of the hearing at full value, this adds an additional $23,525 for a total of $182,253.

This number must be then be reduced to some extent because as this court noted "*certain actions with respect to expert discovery*" were improper and "[t]herfore *some* of Defendants' time and effort were needlessly expended." ECF 117. (Emphasis Added). It cannot be true - even after August 9, 2021 - that every minute of every entry related to experts "reflects time incurred reviewing and responding to deficiencies of Plaintiff's experts." Accordingly, reducing the approximately $60,000 in expert costs by $20,000, a third of that amount, reflects a recognition that not all of this activity is compensable because retaining and preparing experts would have happened whether or not Sriplaw engaged in improper conduct.

Finally, Defendants' request for post-remand fees fails §1927's causation requirement. The Eleventh Circuit remanded because the prior sanctions calculation was overbroad and lacked the required causal nexus to "excess" proceedings attributable to discovery misconduct. The post-remand proceedings exist to correct Defendants' calculation error. Post remand fees were incurred because Defendants pursued an erroneous fee calculation methodology. This breaks any causal chain between Sriplaw's discovery conduct and post-remand proceedings that were caused by Defendants' overreach and error.

Dated: February 06, 2026                              Respectfully submitted,

[SIGNATURES ON NEXT PAGE]

3

/s/ Kevin C. Kaplan
**Kevin C. Kaplan, Esq.**
Florida Bar No. 93348
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

-and-

By: /s/ *Howard S. Hogan*
**Howard S. Hogan, Esq.**
(admitted *pro hac vice*)
hhogan@gibsondunn.com
**Christopher F. Kopp, Esq.**
(admitted *pro hac vice*)
ckopp@gibsondunn.com
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036,
Telephone: (202) 955-8619
Facsimile: (202) 831-6033

*Counsel for Defendants A SHOC Beverage, LLC and KEURIG DR PEPPER INC.*

/s/ *Avery A. Dial*
**Avery A. Dial, Esq.**
Florida Bar No. 732036
Avery@zinoberdiana.com
Dloris@zinoberdiana.com
**Lisa Lucena, Esq.**
Florida Bar No. 96930
Lisa@zinoberdiana.com
Vandana@zinoberdiana.com
**ZINOBER DIANA & MONTEVERDA, P.A.**
2400 E. Commercial Blvd., Suite 420
Fort Lauderdale, Florida 33308
Telephone: (954) 256-9288
Facsimile: (727) 498-8902

*Counsel for Joel B. Rothman, Craig A. Wirth, and SRIPLAW, P.A.*